IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nakeo Tuwain Vance, #1606222, | ) | C/A No.: 1:16-3431-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Chuck Wright, Sheriff; and Ken Apple, | ) | |
| both of Spartanburg County, | ) | |
| | ) | |
| Defendants. | ) | |

Nakeo Tuwain Vance ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at Spartanburg County Detention Center ("SCDC"). He filed this complaint pursuant to 42 U.S.C. § 1983 against Sheriff Chuck Wright ("Wright") and SCDC Chaplain Ken Apple ("Apple") (collectively "Defendants"), alleging a violation of his constitutional rights.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background[1]

Plaintiff asserts claims for violation of his "First Amendment Freedom to practice Religion" and "Eighth Amendment, Cruel and Unusual Punishment." [ECF No. 1-2 at 4]. Plaintiff claims Apple denied him access to religious material and argues Wright is indirectly responsible in his official capacity. *Id.* Plaintiff says he made an initial request for religious materials on July 1, 2016, and "was given acceptable response on July 20, 2016." *Id.* at 5. Plaintiff alleges "[a]dditional request, and grievances show rage, and biased responses." *Id.* Plaintiff claims he was "only attempting information, on availability and acceptance of material though kiosk in pod/Dorm. And was in return given unsavory Responses, while also being denied access to other authority." *Id.* Plaintiff alleges he suffered emotional and mental stress and health problems because he was not "able to mediate due to lack of material, coupled with the excessive and [uncompromising] denial in the reception of material by staff with no relief in sight." *Id.* at 6. Plaintiff seeks monetary damages. *Id.*

II.     Discussion

    A.      Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

---

[1] By order dated October 21, 2016, the court directed Plaintiff to provide additional facts to support his claim. [ECF No. 6]. The court directed Plaintiff to "describe in detail how each defendant was personally involved in the alleged wrongful action" and advised Plaintiff that failure to provide specific facts to state a claim for relief may result in the dismissal of his case. In response, Plaintiff submitted a supplement to his original complaint that was docketed as ECF No. 1-2.

2

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To show violation of the Free Exercise Clause, a plaintiff must show the burden placed on the religious exercise is "more than an inconvenience; the burden must be substantial and an interference with a tenet or belief which is central to religious doctrine." *Bailey v. Ozmint*, C/A No. 4:08-1630-HFF-TER, 2009 WL 2635153, at *5 (D.S.C. July 27, 2009) (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987), *aff'd. sub nom.*, *Hernandez v. Commissioner*, 490 U.S. 680 (1989). Plaintiff's complaint lacks sufficient factual allegations to state a claim against Wright. Further, although Plaintiff complains Apple denied him access to religious material, Plaintiff does not provide any information about his religion, the religious materials he was denied, or how the denial of the material interfered with a central tenent or belief of his religion. Plaintiff was previously directed to provide additional detail and warned that failure to provide sufficient allegations to state a claim may result in the dismissal of this case. [ECF No. 8]. Because Plaintiff fails to allege sufficient facts to show how these defendants

burdened his exercise of his religion, the undersigned recommends Plaintiff's complaint be summarily dismissed.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 29, 2016                                  Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).