IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Nakeo Tuwain Vance, #1606222,      )
                                    )
            Plaintiff,              )
                                    )    Civil Action No. 1:16-3431-BHH
v.                                  )
                                    )
Chuck Wright, Sheriff; and Ken Apple, )        **ORDER**
both of Spartanburg County,         )
                                    )
            Defendants.             )
_____ )

This matter is before the Court upon Plaintiff Nakeo Tuwain Vance's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff, who is a pretrial detainee incarcerated at the Spartanburg County Detention Center, alleges claims for violation of his "First Amendment to practice Religion" and "Eighth Amendment, Cruel and Unusual Punishment." (ECF No. 1-2 at 4.) Specifically, Plaintiff contends that Defendants denied him access to religious materials and asserts he has suffered emotional and mental stress and health problems because he has not been "able to meditate due to lack of material, coupled with the excessive and [uncompromising] denial in the reception of material by staff with no relief in sight." (*Id.* at 6.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On November 29, 2016, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss Plaintiff's complaint without prejudice and without issuance and service of process.

In her Report, the Magistrate Judge determined that Plaintiff's complaint fails to contain sufficient factual matter to state a plausible claim for relief. Specifically, the Magistrate Judge determined that Plaintiff's complaint fails to indicate what Plaintiff's religion is or the nature of the religious materials he has been denied, as well as how the denial of those materials has interfered with a central tenant or belief of his religion. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that

Plaintiff's complaint is subject to summary dismissal for failure to state a claim.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 13) and dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 3, 2017
Charleston, South Carolina